# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN OSWALD,

      Plaintiff,

v.                                                     Civil No. 02-1431 WPJ/LFG

UNION PACIFIC RAILROAD COMPANY,
a Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## and
## ORDER LIFTING STAY

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed March 14, 2003 **(Doc. 4)** and Plaintiff's Motion to Extend Time to Obtain Local Counsel, for Attorney Kimberly Miller to Appear Pro Hac Vice and for Order to Perfect Service of Summons and Complaint Upon Defendant, filed March 27, 2003 **(Doc. 7)**.  Having considered the parties submissions and the applicable law, I find that Defendant's motion will be denied, and Plaintiff's motion will be granted.

**I.**      **Defendant's Motion to Dismiss**

      A.      <u>Failure to Comply with Local Rules</u>

Defendant seeks dismissal on the grounds that (1) the Complaint is null and void because it was signed by an attorney (Ms. Miller) who is not admitted to practice in the United States District Court for the District of New Mexico and is not associated with a resident member of the Federal Bar and (2) service was improper, and not effected within the required 120 days under

Fed.R.Civ. P. 4(m).

On November 15, 2002, Ms. Miller was sent a notice of deficiency from the Court Clerk citing the local rules governing admissions of a non-resident attorney.[1] The deficiency was not cured until nearly four months later after Plaintiff's counsel received the notice, and two weeks after Defendant filed its motion to dismiss. The question now is not whether the complaint is null and void, because entry of appearance by local counsel has rendered it viable.[2] Rather, the question is whether the protracted amount of time taken to cure the deficiency warrants a dismissal of the complaint. Counsel states that it was always her intention to obtain local counsel, citing her recent association with the law firm and a heavy caseload as factors in the delay. However, the factor most deserving of this Court's attention is the considerable prejudice to Plaintiff himself should this case be dismissed because of the constraints imposed by the statute of limitations.[3] In the context of Ms. Miller's failure to associate with local counsel on a more timely basis, I find Defendant's requested relief somewhat Draconian. Therefore, Defendant's motion to dismiss on those grounds is denied.

I note that local counsel Mr. David Berlin, Esq., is currently in arrears for federal bar dues

---

[1] D.N.M.L.R.-Civ. 83.4(a) and 83.3.

[2] Defendant cites to <u>Lawton v. Medevac Mid-America, Inc.</u>, 138 F.R.D. 586, 588 (D.Kan. 1991) for the proposition that Plaintiff's complaint should be dismissed because it was not signed by a licensed attorney. However, <u>Lawton</u> involved a *pro se* complaint that devoid of any signature, and therefore is not dispositive to the present situation where Plaintiff's counsel signed the complaint but did not comply with a local rule requiring association with a resident of the Federal Bar.

[3] Plaintiff mentions the statute of limitations in the general argument against dismissal, Resp. at 12, but this factor would also explain a rushed filing of the complaint prior to associating with local counsel.

for this year.  **Mr. Berlin is ordered to immediately bring his dues current.**

      B.      <u>Improper Service</u>

The complaint in this case was filed on November 13, 2002.  Plaintiff contends service was timely effected on February 18, 2003 when service of process was mailed via federal express to Defendant's registered agent for service of process.  According to Plaintiff, Defendant waited until 121 days after the complaint was filed to notify Plaintiff that service was defective.  Therefore (so goes Plaintiff's argument), service was valid because Defendant admits actual receipt of the summons and complaint.

Pursuant to Fed. R. Civ. P. 4(e), service is permitted by serving that individual in accordance with the law of the State of New Mexico (Rule 4(e)(1)); or by delivering process personally, by delivering process to the individual's dwelling or usual place of abode, or by delivering a copy of the summons and complaint to an appointed  agent.  Service has not been accomplished by any of these methods.  Nor is there any indication from the Court docket that Defendant waived service under Rule 4(d).  <u>Schnabel v. Wells</u>, 922 F.2d 726, 728 (11th Cir. 1991) (actual notice is not adequate when mail service is properly effected but the defendant chooses not to return the acknowledgment form). The shortcomings of service in this instance is more than a "technical deficiency," as Plaintiff argues. Under the federal rules' formal service requirements, Plaintiff's mailing of the summons and complaint did not effect service sufficient to establish this Court's jurisdiction over the case. <u>Grand Entertainment Group Ltd. v. Star Media Sales Inc</u>., 988 F.2d 476, 486 (3rd Cir.1993) (although one of the purposes of the rules regarding service of process is to provide notice, "notice cannot by itself validate an otherwise defective service").  However, having determined that service was improper, I do not find that dismissal is

appropriate, which brings this Court's attention to Plaintiff's motion.

## II.     Plaintiff's Motion for Enlargement of Time[4]

Upon a showing of good cause by a plaintiff, a court is required to extend time for service will be extended for an appropriate period.  Rule 4(m).  Even where good cause is not shown, and where a plaintiff demonstrates excusable neglect, a court may exercise its discretion in allowing an extension of time for service, or dismissing the case without prejudice.  Espinoza v. United States, 52 F.3d 838 (10th cir. 1995) (amendments to federal rules require district court to consider whether permissive extension of time is warranted even if plaintiff fails to show good cause).

Plaintiff's counsel attempted to serve Defendant (albeit incorrectly) without unreasonable delay after filing the complaint.  Plaintiff did not realize the error until Defendant brought the defect to Plaintiff's attention until the 120 days had passed.  Until that point, Plaintiff had assumed (incorrectly of course) that Defendant would provide courtesy notice on any defects in service, based on a history of prior dealings with Defendant in other FELA cases.  I need not determine whether this scenario constitutes good cause or excusable neglect.  An extension is warranted here because dismissal without prejudice would result in a time bar to Plaintiff's case, see Tyler v. City of Sunnyvale, 159 F.R.D. 528 (N.D.Cal., 1995) and because I am reluctant to punish the litigant for his attorney's oversights.  Cmp. In re Sanction of Baker, 744 F2d 1438 (10th Cir. l984) (when fault is that of the attorney and not the client, sanction should be imposed on the attorney).  Further, I find that granting Plaintiff this extension would not prejudice Defendant in any way.

---

[4] Plaintiff also requests additional time for service in the response brief to Defendant's motion to dismiss.  Because parties are required to submit separate pleadings for each matter upon which the Court's adjudication is sought, Admin. Order 92-88 (May 4, 1992) I consider the request within the context of Plaintiff's separate motion.

However, attorney Miller is strongly urged to familiarize herself with the Federal and Local Rules of Civil Procedure, as the Court will be less forgiving of future oversights or infractions.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 4)** is hereby DENIED;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Obtain Local Counsel, for Attorney Kimberly Miller to Appear Pro Hac Vice[5] and for Order to Perfect Service of Summons and Complaint Upon Defendant **(Doc. 7)** is GRANTED in that Plaintiff has an additional 30 (thirty) days from the date this Memorandum Opinion and Order is entered in which to effect proper service on Defendant;

**IT IS FINALLY ORDERED** that the Order Staying Discovery **(Doc. 26)** is hereby VACATED.  This case shall be assigned to a 180-day case management track, as per Judge Lorenzo Garcia's Order (Doc. 26), pending effective service upon Defendant.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's request to appear *pro hac vice* was granted (Doc. 14) on Plaintiff's separate motion (Doc. 11).